UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

                    Plaintiff,

v.

D-1 Ernest Adam Csolkovits,

                    Defendant.

No. 2:15-cr-20717

Hon. Paul D. Borman

Offense(s):
18 U. S. C. § 1343
Wire Fraud

18 U. S. C. § 1957
Money Laundering

**Maximum Penalty:**
   Twenty years (Count 1)
   Ten years (Count 3)

**Maximum Fine:**
   Not to exceed $750,000

**Maximum Supervised Release:**
   Three years

---

# Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

Ernest Adam Csolkovits and the government agree as follows:

1.    **Guilty Plea**

A.    **Counts of Conviction**

Defendant will enter a plea of guilty to Counts One and ~~Two~~ *Three* of the

Indictment, which charge him with wire fraud and money laundering in violation of

18 U. S. C. § 1343 and 18 U. S. C. § 1957.

B.    **Elements of Offense(s)**

The elements of Count One are as follows:

> (A) First, that the defendant knowingly participated in scheme to defraud in order to obtain money or property;
>
> (B) Second, that the scheme included a material misrepresentation or concealment of a material fact;
>
> (C) Third, that the defendant had the intent to defraud; and
>
> (D) Fourth, that the defendant used wire communications in interstate commerce in furtherance of the scheme.

The elements of Count Three are as follows:

> (A) First, that the defendant knowingly engaged in a monetary transaction;
>
> (B) Second, that the defendant knew that the transaction involved criminally derived property;
>
> (C) Third, that the criminally derived property must be of a value greater than $10,000;
>
> (D) Fourth, that the criminally derived property must also, in fact, have been derived from a specified unlawful activity; and
>
> (E) Fifth that the monetary transaction must have taken place in the United States

### C.    Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for defendant's guilty pleas: From in or about March of 2013, through in or about January of 2014, in the Eastern District of Michigan and elsewhere, ERNEST ADAM CSOLKOVITS (CSOLKOVITS) devised and executed a scheme to defraud victim TYLA WELLS and to obtain money by means of materially false and fraudulent pretenses and representations.  Over the course of the scheme, CSOLKOVITS made various material misrepresentations to TYLA WELLS that induced her TYLA WELLS to invest money with CSOLKOVITS.

In furtherance of the scheme, CSOLKOVITS falsely represented himself as "Adam Solk."  At the time CSOLKOVITS met TYLA WELLS, he had recently pleaded guilty (under his real name) to Impeding Administration of IRS Laws (26 U.S.C. § 7212(a)) and Use of False Documents (18 U.S.C. § 1001).

CSOLKOVITS persuaded TYLA WELLS to invest over one million dollars in "Answer Wellness Centers LLC." TYLA WELLS was led to believe that "Answer Wellness Centers" was a "consignment warehouse opportunity" in which investors would purchase and re-sell various nutritional products.

In furtherance of his scheme, CSOLKOVITS falsely claimed to TYLA WELLS to have "19 wellness consultants" ready to promote products and place products in doctors' offices.

CSOLKOVITS claimed to have formulated the products entirely himself. This was false. CSOLKOVITS also falsely claimed to have a dedicated laboratory at his home in which he formulated his products.

CSOLKOVITS represented to TYLA WELLS that her investment would be used "dollar for dollar" for product inventory. TYLA WELLS's "investment" was, in fact, used by CSOLKOVITS to fund his and his family's lifestyle.

CSOLKOVITS, in or about December 2013, told TYLA WELLS that he was headed to his "lab" for up to three years to work on "top secret formulas" and leaving his son in charge of his business. CSOLKOVITS was, in fact, about to head to federal prison to serve time for the offenses described above.

On or about each of the dates listed below, CSOLKOVITS, for the purpose of executing the scheme to defraud described above, caused to be transmitted by means of wire communication in interstate commerce, the writings, signs, signals and/or sounds described below:

| COUNT | APPROX. DATE | WIRE | PROCESSED THROUGH |
|-------|--------------|------|-------------------|
| 1 | 8/29/13 | $395,870 wire initiated in Michigan between National Wellness Consignment and Answer Wellness Centers LLC | Chase Bank, located in Florida |

CSOLKOVITS defrauded Tyla Wells out of a total of $1,320,000. Of that amount, $740,349.48 has been seized and forfeited by federal law enforcement.

On or about the date set forth below, in the Eastern District of Michigan, and elsewhere, CSOLKOVITS knowingly engaged in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from the wire fraud scheme charged in Count 1:

| COUNT | APPROX. DATE | FINANCIAL TRANSACTION |
|-------|--------------|------------------------|
| 3 | 1/2/2014 | Check for $65,000 to Arden Csolkovits, deposited in Michigan and processed through Florida and Nebraska. |

## 2.    Sentencing Guidelines

### A.    Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B.    Agreed Guideline Range

There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is 41 – 51 months, as set forth on the attached worksheets. If the Court finds:

1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a

lack of acceptance of responsibility for his offense; or obstructed

justice or committed any crime,

and if any such finding results in a guideline range higher than 41 – 51 months, the

higher guideline range becomes the **agreed range**.  However, if the Court finds that

defendant is a career offender, an armed career criminal, or a repeat and dangerous

sex offender as defined under the sentencing guidelines or other federal law, and

that finding is not already reflected in the attached worksheets, this paragraph does

not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is

different than any position of that party as reflected in the attached worksheets,

except as necessary to the Court's determination regarding subsections 1 and 2,

above.

### C.    Relevant Conduct

Defendant admits to relevant conduct in that he admits that the total loss

caused by his fraudulent scheme is at least $550,000 but less than $1,500,000.

3.   **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.   **Imprisonment**

Except as provided in the next sentence, pursuant to Federal Rule of Criminal Procedure11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

B.   **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is three years.  The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

C.   **Special Assessment**

Defendant will pay a special assessment of $200.00, and must provide the government with a receipt for the payment before sentence is imposed.

D.   **Fine**

There is no agreement as to fines.

E.    **Restitution**

The Court shall order restitution to every identifiable victim of defendant's offense. For the purposes of restitution, defendant agrees to treat both Tyla Wells and the additional individuals listed below as victims of his fraudulent scheme.  The victims and the full amounts of restitution agreed to in this case, are as follows:

| Victim | Restitution |
|---|---|
| Tyla Wells | $579,650.52 |
| Hallie Johnson | $93,600 |
| Jill Eckenrod | $20,000 |
| Sandra and Tom VanderLaan | $132,268 |
| James McAdoo | $102,116 |
| Chester Durnas | $93,600 |
| **TOTAL RESTITUTION** | **$1,033,234.52** |

4.    **Waiver of Right to DNA Testing**

Defendant waives any right he has to move for an order requiring the DNA testing of evidence that was secured in relation to the investigation or prosecution of this case.

5.    **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

6.    **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

7.    **Other Charges**

If the Court accepts this agreement, at sentencing the government will dismiss the remaining count in this case.

8.      **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any

grounds. If the defendant's sentence of imprisonment does not exceed 51, the

defendant also waives any right he may have to appeal his sentence on any grounds.

If the defendant's sentence of imprisonment is at least 41 months, the government

waives any right it may have to appeal the defendant's sentence.

Nothing in this waiver bars a claim of ineffective assistance of counsel on

appeal or by Collateral Relief under 28 U.S.C. § 2255.

9.      **Consequences of Withdrawal of Guilty Pleas or Vacation of Convictions**

If defendant is allowed to withdraw his guilty pleas or if any conviction

entered pursuant to this agreement is vacated, the Court shall, on the government's

request, reinstate any charges that were dismissed as part of this agreement. If

additional charges are filed against defendant within six months after the date the

order vacating defendant's conviction or allowing him to withdraw his guilty pleas

becomes final, which charges relate directly or indirectly to the conduct underlying

the guilty pleas or to any conduct reflected in the attached worksheets, defendant

waives his right to challenge the additional charges on the ground that they were not

filed in a timely manner, including any claim that they were filed after the

limitations period expired.

10.     **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

11.     **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

12.    **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on 05/19/2016. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

Barbara L. McQuade
United States Attorney

John K. Neal
Assistant United States Attorney
Chief, White Collar Crimes

Timothy J. Wyse
Assistant United States Attorney

Date: 05/10/2016

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

Harold Z.  Gurewitz
Attorney for Defendant

Ernest Adam Csolkovits
Defendant

May 20, 2016
Date

MAY 20, 2016
Date

| Defendant: | Ernest Adam Csolkovits | Counts: | 1-3 |
| Docket No.: | 2:15-cr-20717 | Statutes: | 18 U.S.C. §§ 1343 and 1957 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

**1.    BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| §2B1.1(a)(1) | Larceny, Embezzlement, and Other Forms of Theft | 7 |
| §2B1.1(b)(1)(H) | Loss greater than $550,000 but less than $1,500,000 | 14 |
| §2B1.1(b)(10) | Sophisticated Means | 2 |
| | | |
| | | |

**2.    ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

A-1

| Defendant: | Ernest Adam Csolkovits | Counts: | 1-3 |
| Docket No.: | 2:15-cr-20717 | Statutes: | 18 U.S.C. §§ 1343 and 1957 |

**3.    ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

23

\* \* \* \* \* \* \* \*

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

A-2

| Defendant: | Ernest Adam Csolkovits | Counts: | 1-3 |
|---|---|---|---|
| Docket No.: | 2:15-cr-20717 | Statutes: | 18 U.S.C. §§ 1343 and 1957 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

### 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| §2S1.1(a)(1) | Laundering of Monetary Instruments: See previous Worksheet A for §2B1.1 calculations | 23 |
| §2S1.1(b)(2) | Conviction for 18 U.S.C. § 1957 | 1 |
| | | |
| | | |
| | | |

### 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

### 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

24

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Rev. March 2013

| Defendant: | Ernest Adam Csolkovits | Counts: | 1-3 |
|---|---|---|---|
| Docket No.: | 2:15-cr-20717 | Statutes: | 18 U.S.C. §§ 1343 and 1957 |

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

Rev. March 2013

| Defendant: | Ernest Adam Csolkovits | Counts: | 1-3 |
|---|---|---|---|
| Docket No.: | 2:15-cr-20717 | Statutes: | 18 U.S.C. §§ 1343 and 1957 |

## WORSHEET B (Multiple Counts)

### Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

**1. GROUP ONE: COUNT(S)**
   ADJUSTED OFFENSE LEVEL ___24___

**2. GROUP TWO: COUNT(S)**
   ADJUSTED OFFENSE LEVEL _____

**3. GROUP THREE: COUNT(S)**
   ADJUSTED OFFENSE LEVEL _____

**4. GROUP FOUR: COUNT(S)**
   ADJUSTED OFFENSE LEVEL _____

| 1 | | unit |
|---|---|---|
| | | unit |
| | | unit |
| | | unit |

**5. TOTAL UNITS**

| 1 |
|---|
| units |

| Defendant: | Ernest Adam Csolkovits | Counts: | 1-3 |
| Docket No.: | 2:15-cr-20717 | Statutes: | 18 U.S.C. §§ 1343 and 1957 |

**6.   INCREASE IN OFFENSE LEVEL**





$$\boxed{0}$$

**7.   ADJUSTED OFFENSE LEVEL OF GROUP**
**WITH THE HIGHEST OFFENSE LEVEL**

$$\boxed{24}$$

**8.   COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.

$$\boxed{24}$$

| Defendant: | Ernest Adam Csolkovits | Counts: | 1-3 |
| Docket No.: | 2:15-cr-20717 | Statutes: | 18 U.S.C. §§ 1343 and 1957 |

## WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

1.    PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months**                                    **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                                    **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                                    **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct   and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Defendant: | Ernest Adam Csolkovits | Counts: | 1-3 |
| Docket No.: | 2:15-cr-20717 | Statutes: | 18 U.S.C. §§ 1343 and 1957 |

| **Date of Imposition** | **Status*** | **Offense** | **Sentence** | **Release Date**** | **Points** |
|---|---|---|---|---|---|
| 1/6 2014 | A | Impeding Administration of IRS Laws/Use of False Documents | 27 Months | | 3 |
| | | | | | |
| | | | | | |
| | | | | | |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\* A release date is required in only two situations:   (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | Ernest Adam Csolkovits | Counts: | 1-3 |
|---|---|---|---|
| Docket No.: | 2:15-cr-20717 | Statutes: | 18 U.S.C. §§ 1343 and 1957 |

**2.    COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

`0`

**3.    PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.  But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)  Identify the crimes of violence and briefly explain why the cases are considered related. NOTE:  No more than 3 points may be added under this item.

`0`

**4.    TOTAL CRIMINAL HISTORY POINTS**
Enter the sum of the criminal history points entered in Items 1-4.

`3`

**5.    CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥ 13 | VI |

`II`

| Defendant: | Ernest Adam Csolkovits | Counts: | 1-3 |
| Docket No.: | 2:15-cr-20717 | Statutes: | 18 U.S.C. §§ 1343 and 1957 |

## **WORKSHEET D (Guideline Range)**

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**
   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

   > 24

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

   > 3

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   > 21

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   > II

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. CH. 4, PT. B)**

   a. <u>Total Offense Level:</u> If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   > N/A

   b. <u>Criminal History Category:</u> If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

   > N/A

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
   Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   > 41-51
   >
   > months

| Defendant: | Ernest Adam Csolkovits | Counts: | 1-3 |
|---|---|---|---|
| Docket No.: | 2:15-cr-20717 | Statutes: | 18 U.S.C. §§ 1343 and 1957 |

7.   **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
     If the maximum sentence authorized by statute is below, or a minimum
     sentence required by statute is above, the guideline range entered in Item
     6, enter either the guideline range as restricted by statute or the
     sentence required by statute. (*See* U.S.S.G. § 5G1.1.)  If the sentence on
     any count of conviction is required by statute to be consecutive to the
     sentence on any other count of conviction, explain why.



N/A

months

| Defendant: | Ernest Adam Csolkovits | Counts: | 1-3 |
|---|---|---|---|
| Docket No.: | 2:15-cr-20717 | Statutes: | 18 U.S.C. §§ 1343 and 1957 |

## WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**

    a.   Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

    [X]   1.   Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

    [ ]   2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

    [ ]   3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

    b.   Length of Term of Probation (U.S.S.G. § 5B1.2)

    [ ]   1.   At least 1 year but not more than 5 years (total offense level ≥ 6)

    [ ]   2.   No more than 3 years (total offense level < 6).

    c.   Conditions of Probation (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

    [X]   a.   A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

    [ ]   b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

    A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

| Defendant: | Ernest Adam Csolkovits | Counts: | 1-3 |
|---|---|---|---|
| Docket No.: | 2:15-cr-20717 | Statutes: | 18 U.S.C. §§ 1343 and 1957 |

4.  **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

    a.  <u>Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)</u>
    The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.  <u>Length of Term of Supervised Release (U.S.S.G. § 5D1.2)</u>

        1.  At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

        [X]  2.  At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

        3.  1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

        4.  The statute of conviction requires a minimum term of supervised release of _____ years.

    c.  <u>Conditions of Supervised Release (U.S.S.G. § 5D1.3)</u>
    The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5.  **RESTITUTION (U.S.S.G. § 5E1.1)**

        1.  The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

        [X]  2.  The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $ 1,033,234.52 .



| Defendant: | Ernest Adam Csolkovits | Counts: | 1-3 |
| Docket No.: | 2:15-cr-20717 | Statutes: | 18 U.S.C. §§ 1343 and 1957 |

☐     3.    The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐     4.    The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐     5.    Restitution is not applicable.

6.    **FINE (U.S.S.G. § 5E1.2)**

     a.    <u>Fines for Individual Defendants</u>

       The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

     b.    <u>Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))</u>

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $  15,000 | $150,000 |

E-3

| Defendant: | Ernest Adam Csolkovits | Counts: | 1-3 |
|---|---|---|---|
| Docket No.: | 2:15-cr-20717 | Statutes: | 18 U.S.C. §§ 1343 and 1957 |

**7.    SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**
The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $    200    .

**8.    FORFEITURE (U.S.S.G. § 5E1.4)**

☐ Assets of the defendant will be forfeited.    ☒ Assets of the defendant will not be forfeited.

**9.    ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**
List any additional applicable guideline, policy statement, or statute.

_____

_____

_____

**10.    UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**
List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

_____

E-4